IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-01092-PAB-MJW

STANLEY M. POHL,
ZINAIDA Q. POHL, and
PRINCE SONG CAMBILARGIU,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO
BANK OF AMERICA, N.A. AS SUCCESSOR TO LASALLE BANK, N.A., AS
TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST,
ASSET-BACKED CERTIFICATES, SERIES 2007-4; and
"ALL PERSONS OR ENTITIES CLAIMING ANY LEGAL OR EQUITABLE RIGHT,
TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THIS
COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD UPON
PLAINTIFF'S TITLE THERETO", and
DOES 1-20,

Defendant(s).

---

**RECOMMENDATION OF DISMISSAL
OF THE PLAINTIFFS' CLAIMS AGAINST THE UNSERVED DEFENDANTS**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by

Judge Philip A. Brimmer on May 6, 2013.  (Docket No. 4).

This action was commenced almost six months ago on April 24, 2013.  (Docket

No. 1).  The first Amended Complaint was filed on May 15, 2013.  (Docket No. 8).

Nevertheless, the pro se plaintiffs have not yet further amended their Complaint to

identify any of the twenty Doe defendants and/or "All Persons or Entities Claiming Any

Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in this

2

Complaint Adverse to Plaintiff's Title, or Any Cloud upon Plaintiff's Title Thereto" and have not filed proof that they have served any of those defendants.

Following a Scheduling Conference on July 12, 2013, this court issued an Order to Show Cause (Docket No. 24) directing the plaintiffs to appear at a Show Cause Hearing on October 21, 2013, at 10:00 a.m. to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and/or D.C.COLO.LCivR 41.1 as against the twenty Doe defendants and "All Persons or Entities Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in this Complaint Adverse to Plaintiff's Title, or Any Cloud upon Plaintiff's Title Thereto."  Plaintiffs appeared at that Show Cause Hearing, but they still did not have any names or addresses for such unserved defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  Furthermore, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the plaintiffs' claims against as against the twenty Doe defendants and "All Persons or Entities Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in this Complaint Adverse to Plaintiff's Title, or Any Cloud upon Plaintiff's Title Thereto" be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and/or D.C.COLO.LCivR 41.1 based upon the plaintiffs' failure to prosecute and failure to serve these defendants.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:     October 22, 2013           s/ Michael J. Watanabe
           Denver, Colorado           Michael J. Watanabe
                                      United States Magistrate Judge